IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**VIRGINIA BARNETT**                                                                             **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 2:05cv2047-KS-JMR**

**SKELTON TRUCK LINES, LTD;**
**And MICHAEL PEARSON**                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Partial Summary Judgment **[#32]** filed on behalf of the defendants.  The court, having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied.  The court specifically finds:

## FACTUAL BACKGROUND

On December 4, 2003, plaintiff Virginia Barnett was involved in a motor vehicle accident with Michael Pearson in Jones County, Mississippi, on Interstate 59.  Pearson was operating a tractor/trailer on behalf of Skelton Truck Lines, Ltd.  The vehicle driven by Barnett was proceeding North on Interstate 59 through the infamous "S curve" in Laurel, Mississippi, alongside the truck driven by Pearson.  Upon exiting the curve, Pearson's truck moved into the lane occupied by Barnett forcing her to the edge of the

roadway. Pearson, apparently unaware that he had sideswiped Barnett, proceeded on. Barnett gave chase and stopped Pearson some miles up the highway. As a result of the collision, Barnett alleges that she suffered personal physical and emotional injuries and is seeking compensatory and punitive damages. The defendants have moved for partial summary judgment on the issue of punitive damages.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is

not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating

[entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **PUNITIVE DAMAGES UNDER MISSISSIPPI LAW**

It is well settled in Mississippi that punitive damages are to be assessed only in extreme cases. See *Gardner v. Jones*, 464 So. 2d 1144, 1148 (Miss. 1985). "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss.1988). Further,

> [a]s a general rule, exemplary or punitive damages are 'added damages' and are in addition to the actual or compensatory damages due because of an injury or wrong. The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others.

*Summers ex rel. Dawson v. St. Andrew's Episcopal School, Inc.*, 759 So.2d 1203, 1215 (Miss.2000) (citing *Fowler Butane Gas Co. v. Varner*, 244 Miss. 130, 150-51,141 So.2d 226, 233 (1962)). See also, *Paracelsus Health Care Corp. v. Willard*, 754 So.2d 437, 442 (Miss.1999). "In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule." *Id.* (citing 15 Am.Jur., Damages, Sec. 265, p. 698). When deciding whether to submit the issue of punitive damages to a trier of fact, the court is required to examine the totality of the circumstances as established by the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard in order to justify the imposition of punitive damages. See *Ross-King-Walker, Inc. v. Henson*, 672 So.2d 1188, 1191 (Miss.1996).

Based on the foregoing well settled principles of law, the Mississippi Supreme

Court has instructed that "in order for the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the aggregate of [the defendants'] conduct . . . evidences willful or wanton conduct or the commission of fraud. *Bradfield v. Schwartz*, --- So.2d ----, 2006 WL 1350051, *5 (Miss. 2006). The *Bradfield* Court went on to discuss the statutory procedure for the determination of whether the issue of punitive damages should ultimately be presented to the jury. In so doing, the court quoted the language of Miss. Code Ann. § 11-1-65 which provides

> (1) In any action in which punitive damages are sought:
>
> (a) Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.
>
> (b) In any action in which the claimant seeks an award of punitive damages, the trier of fact shall first determine whether compensatory damages are to be awarded and in what amount, before addressing any issues related to punitive damages.
>
> (c) If, but only if, an award of compensatory damages has been made against a party, the court shall promptly commence an evidentiary hearing to determine whether punitive damages may be considered by the same trier of fact.
>
> (d) The court shall determine whether the issue of punitive damages may be submitted to the trier of fact; and, if so, the trier of fact shall determine whether to award punitive damages and in what amount.

Miss. Code Ann. § 11-1-65(1)(a)-(d). In *Bradfield,* the court held that once the jury returned a verdict for compensatory damages, the circuit court "should have automatically proceeded to the punitive damages phase of the trial," where "evidence concerning punitive damages [could] be presented separately at a subsequent

6

evidentiary hearing." At *6-7.

The plaintiff takes the foregoing language to mean that in all cases where punitive damages are claimed as an element of damages, the court is required to allow the issue to remain in the case until the compensatory damages portion of the trial is completed. If compensatory damages are awarded, then the court is required to proceed to the punitive damages evidentiary hearing after which "the judge, as gatekeeper, then ultimately decides whether the issue of punitive damages should be submitted to the trier-of-fact (jury)." *Id.* Thus, according to the plaintiff, the court is no longer allowed to analyze the issue of punitive damages through the use of summary judgment proceedings.

This court concludes that the plaintiff is reading *Bradfield* much too broadly. The *Bradfield* court specifically held that the burden is on the plaintiff to show that a question of fact exists to warrant the submission of the issue of punitive damages to the jury. There is no language in the opinion which negates the use of summary judgment to test the plaintiff's evidence. Whether the plaintiff's burden is satisfied is still subject to the summary judgment requirement that the plaintiff show that a genuine issue of material fact exists which warrants the punitive claim surviving to the trial stage. The court does not find that *Bradfield* has changed existing summary judgment procedures.

Trial courts have often listened to the entire presentation of evidence in a case prior to making the decision of whether to submit the punitive damages issue to the jury. What *Bradfield* did was to reaffirm the strict requirements of § 11-1-65 regarding the necessity of bifurcated hearings for compensatory and punitive claims. There has been no change in the mandate that the trial court remains the gate keeper which ultimately

decides whether the punitive claim is submitted to the jury. If the punitive claim survives summary judgment, the court is required to try the compensatory issue first. If the plaintiff receives a compensatory damages award, then the court will try the punitive issue to the jury. Prior to submission of the case on punitive damages, the court will decide, as a matter of law, whether the plaintiff has presented an issue of fact as to the imposition of punitive damages. If so, the case goes to the jury. If not, a judgment as a matter of law on that issue will be entered in the defendants' favor.

The court, having found that it is not precluded from examining whether the plaintiff has shown that an issue of fact exists regarding the alleged egregiousness of the defendants' conduct, has carefully examined the submissions of the parties. On the present record, the court cannot conclude that the defendants are entitled to judgment as a matter of law. The plaintiff has made sufficient allegations and evidentiary submissions upon which a "reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard in order to justify the imposition of punitive damages." See *Ross-King- Walker, Inc. v. Henson*, *supra*.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants Motion for Partial Summary Judgment **[#32]** is denied.

SO ORDERED AND ADJUDGED this the 20th day of July, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE